# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES E. HALL, individually, and as** )<br>**Parent and Next Kin of B.H., D.H., J.H.,** )<br>**J.H., AND N.H., all Minor Children,** )<br>                                                    )<br>                    **Plaintiff,**            )<br>                                                    )<br>**v.**                                              )<br>                                                    )<br>**STATE OF OKLAHOMA**, *ex rel.*,         )<br>**OKLAHOMA DEPARTMENT OF**            )<br>**HUMAN SERVICES, SAFENET**            )<br>**SERVICES, INC., an Oklahoma Nonprofit** )<br>**Corporation, and DONNA MARY**        )<br>**GRABOW, an Individual,**                )<br>                    **Defendants.**          ) | **Case No. 09-CV-560-JHP-PJC** |

## ORDER

Before the Court is Defendant Oklahoma Department of Human Service's Motion To Dismiss [Doc. No. 15] and Defendants Safenet Services Inc., and Donna Mary Grabow's Motion To Dismiss and Brief in Support [Doc. No. 18].  Also before the Court is Plaintiff's Responses to the Defendants' Motions to Dismiss and Applications For Leave To File Plaintiff's Second Amended Complaint [Doc. Nos. 23, 24, 25, and 26], Defendants' Replies To Plaintiff's Response [Doc. Nos. 33 and 35], and Defendants' Responses to Plaintiff's Application For Leave To File A Second Amended Complaint [Doc. Nos. 34 and 36].  For the reasons stated herein, this Court hereby **GRANTS** the Defendants' Motions to Dismiss and **DENIES** the Plaintiff's Motion To File a Second Amended Complaint.

## BACKGROUND

In 2005, the Plaintiff's ex-wife, Crystal Hall took their five children to receive services at Defendant Safenet Services Inc.'s facilities (hereinafter "Safenet").  Plaintiff claims that Mrs. Hall

1

fabricated allegations of abuse in order to become eligible for services at Safenet.  During the time

Mrs. Hall and the children were staying at Safenet, the Rogers County Department of Human

Services became interested in the welfare of the children and took temporary emergency custody

of the five minor children.  According to Plaintiff's Complaint, the children were adjudicated

"deprived as to Mr. Hall on January 9, 2006." [Doc. No. 5] The Plaintiff alleges numerous

procedural errors were committed during that hearing.  Plaintiff claims he went "more than 1 year

with Rogers County DHS refusing to provide ANY visitation between himself and his children."

[Doc. No. 5] Plaintiff's Complaint alleges that on May 30, 2007, Judge Gary Dean of Mayes County

dismissed the deprived action as to the Plaintiff and returned all five children to his custody.


Plaintiff brought the instant action on August 28, 2009, against the State of Oklahoma, *ex

rel*., Oklahoma Department of Human Services, Safenet Services, Inc., and Donna Grabow, the

Director of Safenet.  Plaintiff's First Amended Complaint alleges that the Oklahoma Department

of Human Services (hereinafter "DHS") violated 42 U.S.C. §1983 and the Fourteenth Amendment

of the United States Constitution.  Plaintiff's Amended Complaint also asserts claims against Safenet

and Donna Grabow for acting negligently in violation of the Oklahoma Government Tort Claims

Act. 51 O.S. §151, *et seq*.

## DISCUSSION

I.    **MOTIONS TO DISMISS**

When ruling on a defendant's motion to dismiss, the Court must accept as true all of the

factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167

L.Ed.2d 1081 (2007).  However, on a motion to dismiss, courts "are not bound to accept as true a

2

legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level.  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Iqbal* stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### A.  As To The State of Oklahoma *ex rel.*, Oklahoma Department of Human Services

Plaintiff's First Amended Complaint alleges causes of action against DHS for violations of Plaintiff's Fourteenth Amendment rights, and 42 U.S.C. §1983.  DHS contends Plaintiff's claims are barred by the Eleventh Amendment which grants DHS, as a state agency, immunity from suit unless Congress abrogates, or the State expressly waives, immunity.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." U.S. Const. amend. XI.  "This provision precludes not only actions in which the state is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury." *Justice v. Oklahoma Dept. Of Human Services Child Welfare,* 2004 WL 2898086, *1 (10th Cir. 2004)(internal citations omitted).

In this case, Plaintiff brings claims against DHS, an agency of the State of Oklahoma, for violation of his Fourteenth Amendment rights seeking recovery of compensatory and punitive damages. This action is clearly precluded since Congress has neither abrogated Oklahoma's Eleventh Amendment immunity nor has Oklahoma expressly waived its right to sovereign immunity.

Plaintiff further seeks compensatory and punitive damages against DHS for his §1983 claims.  "A state agency is presumptively immune from § 1983 damages actions unless Congress abrogates, or the State expressly waives, immunity." *Justice,* 2004 WL 2898086. (Citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)) The United States Supreme Court made clear in *Will,* that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66. The Court held that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance . . ." *Id.*  Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Court in *Will*, ultimately held that  "neither a State nor its officials acting in their official capacities are "persons" under § 1983" and as such are immune from suit.  *Id*. at 71-72.

In light of the Court's holding in *Will*, this Court finds that Defendant DHS is not a "person"

4

within the meaning of § 1983 therefore, making them immune from suit.  As such, Plaintiff's claims

against DHS are hereby **DISMISSED**.[1]

### B.  As To Safenet Services, Inc., and Donna Mary Grabow

Plaintiff's First Amended Complaint states that Defendants Safenet and Donna Grabow, "acting within the scope of their employment and compensation with the Defendant Oklahoma Department of Human Services . . .", have violated the Oklahoma Governmental Tort Claims Act (hereinafter "GTCA") by negligently rendering services to the Plaintiff. [Doc. No. 5] Plaintiff's First Amended Complaint continually refers to Safenet and Donna Grabow as acting "within the scope of their employment." [Doc. No. 5] Defendants Grabow and Safenet contend that since Plaintiff has brought suit against them as employees of the Department of Human Services, acting within the scope of their employment, they are shielded from liability under the GTCA.

In reviewing a motion to dismiss "we assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (citing *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir.2009)).   In this case, the Plaintiff has pled causes of action against Grabow and Safenet as employees of the Oklahoma Department of Human Services.  Defendant Safenet alternatively argues that if it was Plaintiff's intention to sue Safenet as a political subdivision rather than an employee of DHS, then that claim would also fail for procedural reasons.  It is not this Court's role to determine whether Safenet, as a separate entity, is, or can be an employee of DHS, but rather to

---

[1]DHS also argues that the Plaintiff has failed to effectuate proper service of process in this case.  Since the Court finds merit in DHS's other arguments resulting in dismissal of the claims against it, the Court finds it unnecessary to determine whether Plaintiff's service of process was insufficient.

evaluate the facts as pled in the Complaint.

The GTCA specifically exempts claims against employees of the state or a political subdivision who were acting within the scope of his or her employment:

> C. Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. *In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant* with the exception that suits based on the conduct of resident physicians and interns shall be made against the individual consistent with the provisions of Title 12 of the Oklahoma Statutes.
> 51 O.S. §163 (c) (Emphasis added)

In light of the clear language of the GTCA exempting employees acting within the scope of their employment, the claims against Defendant Safenet and Grabow are hereby **DISMISSED.**

## II.   APPLICATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff requests this Court deny Defendants' Motions to Dismiss and grant him leave to submit a Second Amended Complaint.  Except when an amendment is filed as a "matter of course," as defined by Fed.R.Civ.P. 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15 states the Court should "freely give leave when justice so requires." *Id.*  Refusing leave to amend is justified "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224 (10th Cir. 2009) (citing *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993)).

Plaintiff filed his initial Complaint on August 28, 2009, and then filed his First Amended Complaint as a matter of course on August 31, 2009.  Now, after the Defendants have filed Motions to Dismiss, the Plaintiff seeks leave to file a Second Amended Complaint.  However, in reviewing

the proposed Second Amended Complaint Plaintiff has failed to remedy any of the deficiencies the Defendants brought to light in their motions.  Although Plaintiff requests the Court to allow him to add additional parties and claims, many of the claims he seeks to add would still be subject to dismissal even after the amendment.  Defendant DHS argues that even if the Court allowed the proposed amendment, DHS would still be subject to dismissal based on the immunity grounds previously discussed.  This Court agrees.

Although Plaintiff's proposed amended complaint seeks to add a GTCA claim against DHS, this too is subject to dismissal.  The GTCA contains a waiver of the state's sovereign immunity under the Eleventh Amendment.  That waiver, however, is limited in scope and is "subject to the limitations and exceptions specified in this act." 51 O.S. §153.  The claims alleged against DHS falls into one of those exceptions.

Plaintiff alleges that DHS acted negligently in the course of the deprived child proceedings and in removing the children from his custody.  A state or political subdivision is not liable under the GTCA if the alleged loss resulted from "adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy."  51 O.S. §155(4).  DHS's actions during a deprived child proceeding and removal process were part of DHS's statutory duty to investigate child abuse.  *See Briggs v. Oklahoma ex rel., Oklahoma Dept. Of Human Services*, 472 F.Supp.2d 1304 (W.D. Okla. 2007);  *Pierce v. Oklahoma ex rel. Dept. of Human Services*, 2008 WL 2987190 (E.D. Okla. 2008).  As such, Plaintiff's proposed additional claims against DHS are barred.

Further, Plaintiff has failed to correct the deficiencies in his GTCA claims by continuing to pursue allegations against Safenet, Grabow, and the additional Defendants Plaintiff seeks to add

under the GTCA "acting under color of law and in derogation of their respective duties as state actors with the Defendant Oklahoma Department of Human Services." [Doc. No. 26-1] Plaintiff continues to plead that these Defendant acted negligently while completing their duties and acting "under color of law."  Although Plaintiff has changed the wording slightly, this can still only be interpreted to mean the individual Defendants are being pled as employees of the DHS acting within the scope of their employment which, as previously discussed, is not a proper claim under the GTCA.  Plaintiff has also failed to clarify whether he is suing Safenet as an "employee" of DHS or a seperate entity.

Although Plaintiff does try to add several new parties which would not be subject to dismissal based on the currently filed motions to dismiss, Plaintiff's third attempt to properly plead the allegations still fails to correct numerous pleading deficiencies leaving many of the claims subject to dismissal.  As such, this Court feels it is not in the interest of justice to allow the Plaintiff to amend the Complaint.  Plaintiff's Motion is therefore, **DENIED**.

**CONCLUSION**

For the foregoing reasons, the Court finds Defendants State of Oklahoma *ex rel*., Oklahoma Department of Human Services, Safenet Services Inc., and Donna Mary Grabow's Motions to Dismiss are hereby **GRANTED.**  Plaintiff's Application For Leave To File A Second Amended Complaint is hereby **DENIED**.

James H. Payne
United States District Judge
Northern District of Oklahoma

8